UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-CR-80022-AMC

**UNITED STATES OF AMERICA**

vs.

**DANIEL M. CARVER, et al.,**

**Defendants.**
_____/

**SEALED PROTECTIVE ORDER FOR ASSET SUBJECT TO FORFEITURE**

THIS CAUSE is before the Court upon application of the United States of America (the "United States") for entry of a post-Indictment protective order restraining and enjoining a certain asset subject to forfeiture in order to preserve its availability for criminal forfeiture, pursuant to 21 U.S.C. § 853(e). Being fully advised in the premises, and based on the United States' *Ex Parte* Application for Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), and Memorandum of Law in Support Thereof, including the agent's declaration, and for good cause shown thereby, the Court finds as follows:

1. On or about February 24, 2022, Defendants Daniel M. Carver, Thomas Dougherty, John Paul Gosney, Jr., Galina Rozenberg, Michael Rozenberg, Louis Carver, Timothy Richardson, Ethan Macier, Ashley Cigarroa, and/or Jose Goyos (collectively, the "Defendants" or "Conspirators") were charged with conspiracy to commit health care fraud and wire fraud in violation of 18 U.S.C. § 1349, health care fraud in violation of 18 U.S.C § 1347, conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371, receipt of kickbacks in connection with a federal health care program in violation of 42 U.S.C. § 1320a-7b(b)(1)(A), conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), money laundering in

CASE NO. 22-80022-CR-CANNON

violation of 18 U.S.C. § 1956(a)(1)(B)(i), and money laundering in violation of 18 U.S.C. § 1957(a).

2.  The Indictment also contained forfeiture allegations, which alleged that upon a conviction of a violation, or conspiracy to commit a violation, of 18 U.S.C. §§ 1347, 1349, and/or 42 U.S.C. 1320a-7b, the Defendants shall each forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7); upon conviction or a conspiracy to commit a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to 18 U.S.C. § 981(a)(1)(C); and upon conviction of a violation of 18 U.S.C. §§ 1956 and/or 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 30-31.

3.  The United States seeks the entry of a protective order to restrain and enjoin all funds on deposit in account number 42615348 at Valley Bank, held in the name of Metropolis Unlimited, LLC.

4.  Based on the agent's declaration submitted in support of the United States' *Ex Parte* Application for Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), there is probable cause to find that the following asset is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1), (a)(7), and 981(a)(1)(C): all funds on deposit in account number 42615348 at Valley Bank, held in the name of Metropolis Unlimited, LLC.

5.  Thus, the United States is entitled to a protective order pursuant to 21 U.S.C.

CASE NO. 22-80022-CR-CANNON

§ 853(e) as such property is subject to criminal forfeiture upon conviction of the Defendants.

Based on the foregoing, the United States' *Ex Parte* Application for Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e) is **GRANTED**, and it is hereby,

**ORDERED** that:

1. The following property is **ENJOINED AND RESTRAINED** in order to preserve its availability for criminal forfeiture: all funds on deposit in account number 42615348 at Valley Bank, held in the name of Metropolis Unlimited, LLC (the "Subject Asset").

2. The Defendants, including their respective agents, representatives, servants, employees, attorneys, family members, those persons in active concert or participation with the Defendants, and financial institutions or other persons or entities holding or with custody of any of the Subject Asset, are **ENJOINED AND RESTRAINED** from transferring, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the dissipation, disposal, or removal from the jurisdiction of this Court the Subject Asset, without prior approval of the Court and upon notice to the United States and an opportunity for the United States to be heard, except as provided in this Order.

3. Any financial institution, entity, or person holding an account in which any portion of the Subject Asset is on deposit is **DIRECTED** to continue to receive and credit assets and monies to such account, and take no offset against, or to allow any transfer or withdrawal from such account, without the consent of the United States or until further order of this Court.

4. Any financial institution, entity, or person holding an account in which any of the Subject Asset is on deposit is **FURTHER DIRECTED** to provide law enforcement agents with the account's current balance and records, upon the United States' request, reflecting any and all

CASE NO. 22-80022-CR-CANNON

activity from the date of service of this Order until the conclusion of the above-captioned criminal case and any related forfeiture proceedings so that the United States can monitor compliance with this Order.

5.  Any financial institution, entity, or person with title, custody and/or control of any of the Subject Asset is **AUTHORIZED** to transfer title, custody, and/or control of such asset to the United States, upon consent of the United States and in accordance with applicable foreign laws, if such asset is located in a foreign jurisdiction. The United States shall provide notice of the transfer to the Court.

6.  The United States is **AUTHORIZED AND DIRECTED** to serve a copy of this Order on any individual or entity that the United States believes may be in control or possession of the Subject Asset.

7.  This Order shall remain in full force and effect until further order of this Court.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of March 2022.

_____
**AILEEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record