UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JOHN PAUL GOSNEY, JR.**,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION TO VACATE EX PARTE**

**THIS CAUSE** comes before the Court upon Defendant John Paul Gosney, Jr.'s Motion to Vacate the Ex Parte Restraining Order as to the Valley Bank Account (the "Motion") [ECF No. 172], filed on April 8, 2022. The Court has reviewed the Motion, the Government's Response in Opposition [ECF No. 186], Gosney's Reply [ECF No. 209], Gosney's Notice of Supplemental Authority [ECF No. 212], and the full record. The Court also held a hearing on the Motion [ECF No. 211]. Following review, the Motion [ECF No. 172] is **GRANTED IN PART AND DENIED IN PART**.

***

On February 24, 2022, a federal grand jury returned an indictment charging Gosney and nine others with numerous crimes related to an alleged health care fraud conspiracy [ECF No. 23]. The Indictment alleges, among other things, that Gosney used a Valley Bank account to launder approximately $2,000,000.00 (the "Valley Bank Account") [ECF No. 23 p. 10, ¶ 36; ECF No. 23 p. 29; *see* ECF No. 23, p. 16 ¶ 14]. The Indictment goes on to set forth a noncomprehensive list of property subject to forfeiture as a result of the alleged offenses [ECF No. 23 p. 31, ¶ 5 ("The

property subject to forfeiture as a result of the alleged offenses includes, but is not limited to, the following . . . .")]. The Valley Bank Account is not included on that list [*see* ECF No. 23 pp. 31–32, ¶ 5].

On March 2, 2022, the Government submitted an ex parte application for a post-indictment protective order pursuant to 21 U.S.C. § 853(e), seeking to restrain and enjoin all funds in the Valley Bank Account [ECF No. 80]. In support of the application, the Government submitted the Declaration of FBI Special Agent Marcus Williams [ECF No. 81]. That Declaration details how more than $20,000,000 in fraudulent proceeds were paid to Cergena Laboratories, LLC—the company for which Gosney is a beneficial owner—and how approximately $2,000,000 of those proceeds were transferred to the Valley Bank Account [ECF No. 81 ¶¶ 25–34; *see* ECF No. 23 p. 11, ¶ 41].

The Court, finding probable cause that the Valley Bank Account is subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1), (a)(7), and 981 (a)(1)(C), granted the ex parte application [ECF No. 103].

Gosney seeks to vacate that Order in the instant Motion [ECF No. 172]. Gosney's primary argument is that the restraint on the Valley Bank Account should be vacated outright, without any showing of financial need, because it was not included as a forfeitable asset in the Indictment and its funds are not traceable to the alleged crimes [ECF No. 172 pp. 3, 9–10; ECF No. 209 pp. 1–5]. In the alternative, Gosney argues that, to the extent the Court requires a threshold showing of financial hardship for releasing funds from the Valley Bank Account, he should be allowed to make that showing ex parte to ensure that the Government does not receive prejudicial information [ECF No. 172 p. 13; ECF No. 209 pp. 5–6].

The Eleventh Circuit has made clear that "a defendant whose assets are restrained pursuant to a criminal forfeiture charge in an indictment, rendering him unable to afford counsel of choice, is entitled to a pretrial hearing only if the balancing test enunciated in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.3d2d 101 (1972), is satisfied." *United States v. Kaley*, 579 F.3d 1246, 1252 (11th Cir. 2009) (emphasis omitted) (citing *United States v. Bissell*, 866 F.2d 1343, 1353 (11th Cir. 1989)). Incorporated into this rule is the antecedent premise that any defendant seeking a pretrial hearing first must show that the asset restraint imposes a financial hardship to him in his retention of counsel of choice. This preliminary showing of financial need is consistent with the approach taken by other circuit courts, and Gosney has cited no authority requiring a pre-trial hearing in this context without at least some preliminary showing by the defendant of financial hardship linked to the asset restraint.[1] *See United States v. Jones*, 160 F.3d 641, 647 (10th Cir. 1998) (holding that, as a precondition to receiving a pre-trial adversarial hearing, a defendant first must demonstrate to the court's satisfaction that he has no assets, other than those restrained, with which to retain private counsel, and also must make a prima facie showing of a bona fide reason to believe the grand jury erred in determining that the restrained assets are traceable to the offenses charged in the indictment); *United States v. Farmer*, 274 F.3d 800, 806 (4th Cir. 2001) (same);

---

[1] Gosney cites *United States v. Chamberlain*, 868 F.3d 290 (4th Cir. 2017), for the uncontested proposition that the Government is not permitted to seize untainted assets prior to trial, regardless of whether those assets are needed to pay for legal representation [ECF No. 172 pp. 12–13; *see also United States v. Miller*, 295 F. Supp. 3d 690, 697 n.8 (E.D. Va.), *aff'd,* 911 F.3d 229 (4th Cir. 2018)]. *Chamberlain*, however, dealt with the seizure of *untainted* substitute property under 21 U.S.C. § 853(p). The Government here has not "conceded that the property at issue is not traceable to any alleged crime." *Chamberlain*, 868 F.3d at 291. Rather, the Court has found probable cause to believe that the funds in the Valley Bank Account are subject to forfeiture under 18 U.S.C. §§ 982(a)(1), (a)(7) and 981(a)(1)(C) [ECF Nos. 80, 103]. Thus, *Chamberlain* does not call into question Defendant's obligation to make a preliminary showing of financial need in this context.

*United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013) (requiring only that the defendant make a preliminary showing of insufficiency of non-restrained assets to retain counsel of choice).

The Government acknowledges that the first step in this process is for Gosney to demonstrate financial need but opposes allowing Gosney to attempt to make that preliminary showing ex parte [*see* ECF No. 188 p. 7 ("If, and only if, a defendant . . . is able to first demonstrate financial need, should the court apply the balancing test set forth in [*Barker*] to determine whether a post-indictment hearing is warranted."); ECF No. 188 n.5]. The Court is mindful of the presumption against ex parte submissions in our adversarial system but concludes, for purposes of this preliminary showing only, that Gosney has provided a sufficient basis to permit the Court's initial review of his financial documentation on an *ex parte* basis [*see* ECF No. 172 pp. 13–14 (citing cases in other contexts where defendants were permitted to disclose financial information under seal)]. To make such a showing, Gosney should consider providing to the Court, among other things, a statement of his net worth, a comprehensive list of his assets, including all bank accounts, an explanation of how he has been paying significant living expenses, and a detailed estimate of the cost of legal representation. *See Bonventre*, 720 F.3d at 133 (affirming the district court's finding that defendant failed to make the requisite preliminary showing). Any such showing must be sufficient to indicate to the Court that there are no sufficient alternative, unrestrained assets to fund his counsel of choice.

Gosney is advised, however, that should there be a need for a pretrial hearing on the traceability and insufficiency of his assets for securing legal representation, that hearing will not be conducted on an ex parte basis. An adversarial hearing is needed to allow for full development of these issues. *See United States v. Bokhari*, No. 14-30044-CR-MGM, ECF No. 113 p. 13 ("The

*ex parte* nature of the parties' filings, while appropriate for the minimal threshold analysis, did not allow for a meaningful adversarial hearing consistent with a preponderance standard.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant John Paul Gosney, Jr.'s Motion to Vacate the Ex Parte Restraining Order as to the Valley Bank Account [ECF No. 172] is **GRANTED IN PART AND DENIED IN PART**.

    a. The request to outright vacate the Restraining Order [ECF No. 103] is **DENIED**.

    b. The request for permission to attempt to make an ex parte showing of financial need is **GRANTED**.

2. Defendant John Paul Gosney, Jr. may submit to the Court, ex parte, any documents in support of a preliminary showing of financial need on or before **May 9, 2022**.

3. The arraignment set for May 10, 2022 [ECF No. 195] is **CONTINUED** until further Order of the Court.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 3rd day of May 2022.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record