UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80022-Cannon

UNITED STATES OF AMERICA,

v.

JOHN PAUL GOSNEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION FOLLOWING *GARCIA* HEARING

THIS CAUSE comes before the Court upon the Government's Unopposed Motion for *Garcia* Hearing (DE 502), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 506). On February 17, 2023, the Court conducted a hearing pursuant to *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), to address attorney Alyssa Silvaggi's simultaneous representation of John Paul Gosney, Jr., a Defendant in this case, and Joseph George Dauch, a Defendant in a separately indicted case, 22-cr-80104-Rosenberg. Both Defendants attended the hearing and answered questions under oath. The Court hereby advises as follows:

    1.    The Court conducted a full colloquy with both Defendants to ensure they understood the actual, potential, and possible conflicts of interest that might arise due to attorney Silvaggi's simultaneous representation. Neither Defendant wished to consult with independent counsel, although the Court offered that option multiple times. Both Defendants affirmed that they wanted attorney Silvaggi to represent them despite the possibility of actual,

potential, or possible conflicts of interest arising from her simultaneous representation. Both Defendants also stated that they expressly waive any such conflicts of interest.

2.      At the hearing, attorney Silvaggi stated that she had no doubts as to either Defendants' competency. She explained that she had discussed the topic of the waiver at length with both Defendants, a fact that both Defendants confirmed. Attorney Silvaggi also stated that Defendant Dauch has retained separate co-counsel, Sean Ellsworth, Esq., who does not also represent Defendant Gosney. The Government's attorney, Reginald Cuyler, Jr., stated that he was unaware of any actual conflicts of interest arising from attorney Silvaggi's simultaneous representation, but that he thought a *Garcia* inquiry should be made in an abundance of caution to address potential conflicts of interest that might arise.

3.      Both Defendants appeared to be competent, intelligent, clear-headed, and not under the influence of any narcotics or drugs. The Court fully explained the risks of simultaneous representation in detail. Both Defendants clearly understood the dangers of simultaneous representation, and both Defendants knowingly and voluntarily waived any actual or potential conflicts of interest that might arise due to simultaneous representation. Both Defendants stated under oath that they wish attorney Silvaggi to represent them despite any actual or potential conflicts of interest.

Accordingly, based upon the foregoing and the colloquy conducted by this Court, the undersigned

**RECOMMENDS** that the Court find (1) that both Defendants did knowingly, intelligently, and voluntarily waived any actual or potential conflicts of interest arising from attorney Silvaggi's simultaneous representation of them and (2) that both Defendants made this

decision with the advice of competent counsel after rejecting multiple offers of independent counsel.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND RECOMMENDED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of February 2023.

_____
RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE