# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 14, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___AP___ D.C.

Apr 14, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-12049-CC
Case Style: USA v. John Gosney
District Court Docket No: 9:22-cr-80022-AMC-3

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| New / Before Briefing Cases: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| Cases in Briefing / After Opinion: | 404-335-6130 | CM/ECF Help Desk: | 404-335-6125 |
| Cases Set for Oral Argument: | 404-335-6141 | | |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 22-12049

_____

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

*versus*

JOHN PAUL GOSNEY, JR.,

                                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80022-AMC-3

_____

JUDGMENT

ISSUED AS MANDATE: 04/14/2023

2                                                                                    22-12049

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: February 1, 2023

For the Court: DAVID J. SMITH, Clerk of Court

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-12049

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

JOHN PAUL GOSNEY, JR.,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80022-AMC-3

_____

2          Opinion of the Court          22-12049

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

John Paul Gosney appeals the district court's denial of his motion to vacate a restraining order on a bank account. We affirm.

## I.

In February 2022, a grand jury charged several defendants, including Gosney, with multiple criminal offenses in connection with a scheme to submit false and fraudulent claims to Medicare for reimbursement. The indictment gave notice that the government would seek criminal forfeiture in connection with the charged offenses. Specifically, the indictment stated that, upon conviction, the defendants would forfeit property constituting or derived from, directly or indirectly, gross proceeds traceable to health care fraud, conspiracy to commit health care fraud and wire fraud, and kickback offenses, as well as any property "involved" in the money-laundering offenses and any property "traceable to" such property. The indictment listed certain property subject to forfeiture as a result of the charged offenses, which "include[d], but [was] not limited to," funds from four listed bank accounts and three parcels of real property.

After filing the indictment, the government applied ex parte for an order under 21 U.S.C. section 853(e)(1) and 18 U.S.C. section 982(b)(1) restraining all funds on deposit in an account at Valley National Bank on which Gosney was a signatory. In support of its

Case 9:22-cr-80022-DSL   Document 557   Entered on FLSD Docket 04/14/2023   Page 6 of 18
USCA11 Case: 22-12049   Document: 24-1   Date Filed: 02/01/2023   Page: 3 of 13

22-12049                Opinion of the Court                3

application, the government submitted the declaration of an FBI agent setting forth the probable cause to restrain the funds in the account. The account wasn't specifically listed in the criminal forfeiture section of the indictment but was mentioned elsewhere, including a criminal count alleging conduct related to concealment money laundering.

The district court granted the government's request. Based on the grand jury indictment, the district court concluded that there was "probable cause to find that [the account] [was] subject to forfeiture" upon Gosney's conviction and thus that "the United States [was] entitled to a protective order pursuant to 21 U.S.C. [section] 853(e)." The district court entered a protective order restraining the account to preserve its availability for forfeiture.

Gosney moved to vacate the district court's protective order, arguing that the restraint on the account violated his Sixth Amendment right to counsel of choice by denying him access to the funds he needed to hire the counsel he wanted. Specifically, Gosney asserted that the account wasn't restrainable because it wasn't listed in the criminal forfeiture section of the indictment, so neither the district court nor the grand jury had determined that the account was traceable to a charged offense. Gosney also requested that the district court grant him a pretrial hearing on the traceability of the account to the crimes alleged in the indictment. In opposing the motion, the government argued that the indictment and agent declaration established the account as tainted property subject to criminal forfeiture and that Gosney's challenge was

Case 9:22-cr-80022-DSL Document 557 Entered on FLSD Docket 04/14/2023 Page 7 of 18
USCA11 Case: 22-12049 Document: 24-1 Date Filed: 02/01/2023 Page: 4 of 13

4                      Opinion of the Court                      22-12049

barred under the Supreme Court's decision in *United States v. Kaley*, 571 U.S. 320 (2014), as an impermissible attack on the grand jury's probable cause determination underlying the criminal charges.

Following a hearing, the district court denied Gosney's request to vacate outright the restraining order. But the district court granted Gosney leave to make an ex parte showing of financial need to determine whether he was entitled to a hearing to challenge the restraint. Based on our decision in *United States v. Kaley*, 579 F.3d 1246, 1252 (11th Cir. 2009) ("*Kaley I*"), the district court found that Gosney wasn't entitled to a pretrial hearing unless he showed that the asset restraint effectively prevented him from hiring his counsel of choice. It permitted Gosney to attempt to make such a preliminary showing by submitting documentary evidence of financial hardship.

Gosney filed financial information ex parte as ordered. But he "indicated that he would not testify about his finances at a future adversarial hearing." The district court ordered Gosney to file a notice indicating whether he intended to meet his burden to show financial need by a preponderance of the evidence at an adversarial pretrial hearing. In response, Gosney asserted that only he had sufficient personal knowledge about his finances and that he wouldn't testify in open court without a grant of use immunity.

The district court denied Gosney's motion to vacate the restraining order, finding that a pretrial hearing on traceability of the restrained funds to the charged offenses was "unwarranted." The

Case 9:22-cr-80022-DSL   Document 557   Entered on FLSD Docket 04/14/2023   Page 8 of 18
USCA11 Case: 22-12049    Document: 24-1    Date Filed: 02/01/2023    Page: 5 of 13

22-12049               Opinion of the Court                        5

district court assumed (without deciding) that Gosney had established financial hardship. But it determined that Gosney still wasn't entitled to a hearing under the four-part balancing test established in *Barker*, which we applied to criminal asset restraints in *United States v. Bissell*, 866 F.2d 1343, 1352 (11th Cir. 1989). This test includes four factors: "(1) the length of the delay before the defendants received their post-restraint hearing; (2) the reason for the delay; (3) the defendants' assertion of the right to such a hearing pretrial; and (4) the prejudice the defendants suffered due to the delay weighed against the strength of the United States'[] interest in the subject property." *Kaley I*, 579 F.3d at 1254.

As to the first *Barker* factor, the district court noted that, "[i]n the context of asset restraints, the relevant length of delay is the amount of time between when the restraint is imposed and when the restraint would be reconsidered and resolved," which the district court calculated to be "between ten and eleven months." The district court found that "[a] delay of that length, although not insignificant, is not so substantial as to clearly favor a pre-trial hearing" and thus determined that this factor was "either neutral or marginally weigh[ed] in Gosney's favor."

As to the second factor, the district court observed that the case involved twenty-two charges against ten defendants "in connection with a multimillion-dollar health care fraud conspiracy, including charges of money laundering that implicate numerous entities and bank accounts." The district court noted that the discovery was "massive," as it involved "hundreds of thousands of

Case 9:22-cr-80022-DSL Document 557 Entered on FLSD Docket 04/14/2023 Page 9 of 18
USCA11 Case: 22-12049 Document: 24-1 Date Filed: 02/01/2023 Page: 6 of 13

6                       Opinion of the Court                    22-12049

documents and necessitat[ed] a detailed and developed discovery protocol for use by a filter team." The district court found that because of "the complexities of this case, the extremely voluminous discovery, and the expressed need for adequate preparation on both sides," the reason-for-delay factor was neutral.

As to the third factor, the district court found that it weighed in Gosney's favor because he timely moved to vacate the restraining order "one month after [it] was entered."

As to the fourth factor, the district court conducted the "more searching exposition and calculus" we required in *Kaley I*. 579 F.3d at 1258. In doing so, the district court explained that the Supreme Court, in *Kaley*, distinguished between "(1) the grand jury's determination of probable cause to believe a defendant committed a crime and (2) the grand jury's determination that the assets subject to forfeiture are traceable to the charged crime" and "made clear that only the latter determination . . . may be subject to second-guessing." "Conversely," continued the district court, quoting *Kaley*, "the former determination by the grand jury—that probable cause exists to believe a defendant perpetrated the offenses alleged based on the factual allegations supporting the grand jury's probable cause determination—is 'conclusive' at this stage, i.e., not subject to 'any review, oversight, or second-guessing' pending resolution of the case." After a thorough analysis, the district court found that "Gosney's arguments on the merits all reduce[d] to a claim that neither he nor his co-defendants committed the charged crimes or obtained any significant amount of money

Case 9:22-cr-80022-DSL   Document 557   Entered on FLSD Docket 04/14/2023   Page 10 of 18
USCA11 Case: 22-12049   Document: 24-1   Date Filed: 02/01/2023   Page: 7 of 13

22-12049                Opinion of the Court                7

from improper Medicare claims." But, because that determination "falls within the sole province of the grand jury under the Supreme Court's binding decision in *Kaley*," the district court concluded that Gosney had failed to show prejudice. Meanwhile, the government had a "substantial interest in continuing to restrain [the account] without any pre-trial hearing." Accordingly, the district court determined that this factor weighed "decidedly in favor of the [g]overnment."

Gosney timely appealed.

## II.

We review a district court's refusal to vacate an injunction for abuse of discretion. *CBS Broad. Inc. v. EchoStar Commc'ns Corp.*, 532 F.3d 1294, 1299 (11th Cir. 2008). The legal conclusions underlying the district court's decision are reviewed de novo, and factual findings are reviewed for clear error. *Dillard v. Baldwin Cnty. Comm'rs*, 376 F.3d 1260, 1265 (11th Cir. 2004). We review de novo issues of constitutional law and statutory interpretation. *United States v. Castro*, 455 F.3d 1249, 1251 (11th Cir. 2006).

## III.

Gosney argues that the district court erred in two ways. First, he claims that the indictment didn't permit the district court to enjoin transfers from his account. Second, he argues that he was entitled to a pretrial hearing on whether the restraint was constitutional. We address each argument in turn.

8                      Opinion of the Court                      22-12049

### A.

Under 21 U.S.C. section 853(e), a district court may impose pretrial restraints on property that would be subject to criminal forfeiture in the event of a defendant's conviction. Specifically, a district court "may enter a restraining order or injunction" to preserve such property for forfeiture "upon the filing of an indictment or information charging a violation . . . for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section." 21 U.S.C. § 853(e)(1)(A). The Supreme Court has held that a pretrial restraint of assets is constitutionally permissible when it is "based on a finding of probable cause to believe that the assets are forfeitable." *United States v. Monsanto*, 491 U.S. 600, 615 (1989).

Gosney argues that the district court wasn't authorized to issue an order restraining his account because the account wasn't specifically listed in the non-exhaustive forfeiture allegations section of his indictment. To support this argument, Gosney cites *United States v. Kaley*, 677 F.3d 1316, 1327 (11th Cir. 2012) (*"Kaley II"*), for the proposition that such an omission from this specific part of the indictment is "fatal to the validity of the district court's order." But *Kaley II* says no such thing. True, we noted that the prosecution can't restrain assets "[w]ithout the grand jury's probable cause determination and the court's approval." *Kaley II*, 677 F.3d at 1327. But we made this statement in the context of "emphasizing that the prosecution cannot unilaterally restrain a

Case 9:22-cr-80022-DSL Document 557 Entered on FLSD Docket 04/14/2023 Page 12 of 18
USCA11 Case: 22-12049 Document: 24-1 Date Filed: 02/01/2023 Page: 9 of 13

22-12049          Opinion of the Court          9

defendant's assets between the time of indictment and trial." *Id.* We never specified that a grand jury's probable cause determination must appear in a particular part of the indictment, nor did we preclude district courts from making their own post-indictment probable cause determinations.

The indictment's allegations, in conjunction with the FBI agent's declaration, established probable cause that the funds in the account would be forfeitable upon Gosney's conviction. Specifically, the FBI agent declared that investigators had identified more than twenty million dollars in proceeds from Medicare contractors tied to reimbursements for false and fraudulent claims submitted to Medicare by the clinical laboratory used by Gosney and his co-defendants. More than thirteen million dollars of these funds were transferred to an account at JPMorgan. Between October 2020 and February 2021, $1,954,100.00 was transferred in a series of forty-one wire transfers from the JPMorgan account to a Wells Fargo account on which Gosney was the sole signatory. In July 2021, approximately two million dollars was transferred from the Wells Fargo account into the account at issue in this case. The indictment identified Gosney as the owner of this account and charged him for the two-million-dollar transfer, which the indictment described as "proceeds of specified unlawful activity"—namely, "conspiracy to commit health care fraud and wire fraud," "health care fraud," and "receipt of kickbacks in connection with a [f]ederal health care program." In light of what was presented to the district court, combined with the indictment's clear notice that any property involved

Case 9:22-cr-80022-DSL   Document 557   Entered on FLSD Docket 04/14/2023   Page 13 of 18
USCA11 Case: 22-12049   Document: 24-1   Date Filed: 02/01/2023   Page: 10 of 13

10                    Opinion of the Court                    22-12049

in or traceable to the charged offenses would be subject to criminal forfeiture upon a defendant's conviction, the district court's restraint of the account was proper under section 853(e).

### B.

On the issue of whether Gosney is entitled to a post-indictment, pretrial hearing on the legality of the restraint on his property, we're bound by our decision in *Bissell*. In *Bissell*, we clearly held that a defendant whose assets are restrained pursuant to a criminal forfeiture charge in an indictment, rendering him unable to afford counsel of choice, is entitled to a pretrial hearing only if the balancing test in *Barker* is satisfied. 866 F.2d at 1353. Thus, we must decide whether the district court correctly interpreted and applied the four factors of the *Barker* balancing test: "(1) the length of the delay before the defendants received their post-restraint hearing; (2) the reason for the delay; (3) the defendants' assertion of the right to such a hearing pretrial; and (4) the prejudice the defendants suffered due to the delay weighed against the strength of the United States'[] interest in the subject property." *Kaley I*, 579 F.3d at 1254.

Gosney provides no legal argument as to the first three factors, which the district court found weighed neutrally or marginally in Gosney's favor. Gosney devotes the lion's share of his brief to challenging the district court's finding that the fourth factor weighed "decidedly in favor of the [g]overnment." So the question

Case 9:22-cr-80022-DSL   Document 557   Entered on FLSD Docket 04/14/2023   Page 14 of 18
USCA11 Case: 22-12049   Document: 24-1   Date Filed: 02/01/2023   Page: 11 of 13

22-12049               Opinion of the Court                11

before us is whether the district court erred in finding that Gosney wasn't unduly prejudiced by the restraint on his assets.

When a defendant's assets are forfeitable as a result of criminal conduct, a defendant has no Sixth Amendment right to use those tainted funds to hire an attorney. *See Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 632 (1989). In *Kaley*, the Supreme Court concluded that an asset restraint that deprives a defendant of his Sixth Amendment right to retain counsel of his choice is "erroneous only when unsupported by a finding of probable cause." 571 U.S. at 337 (emphasis omitted); *see also Monsanto*, 491 U.S. at 615 (holding that no constitutional violation occurs where assets are restrained pretrial based on a finding of probable cause that the assets are forfeitable).

The *Kaley* Court recognized that a pretrial asset restraint must be supported by two probable-cause determinations: "There must be probable cause to think (1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime." 571 U.S. at 323–24. *Kaley* held that a defendant seeking to lift a pretrial asset restraint has no right to a hearing to contest the first determination—the grand jury's finding of probable cause to believe that the defendant committed the crimes charged. *Id.* at 322. The Court emphasized the grand jury's "singular role" in finding "probable cause necessary to initiate a prosecution for a serious crime" and explained that, because "a fundamental and historic commitment of our criminal justice system is to entrust those probable cause findings

Case 9:22-cr-80022-DSL Document 557 Entered on FLSD Docket 04/14/2023 Page 15 of 18
USCA11 Case: 22-12049 Document: 24-1 Date Filed: 02/01/2023 Page: 12 of 13

12                       Opinion of the Court                    22-12049

to grand juries," a defendant isn't entitled to a "judicial re-determination of the conclusion the grand jury already reached." *Id.* at 328. Thus, only the second determination may be challenged before trial. *See id.* at 331 n.9, 333. This is because "the tracing of assets is a technical matter," whereas the grand jury's determination of probable cause to support criminal charges is part of its "core competence and traditional function" and thus "conclusive[]." *Id.* at 328, 331 & n.9 (quotation omitted). This distinction is consistent with *Kaley II*, where we held that "a defendant who is entitled to a pretrial due process hearing with respect to restrained assets may challenge the nexus between those assets and the charged crime, but not the sufficiency of the evidence supporting the underlying charge." 677 F.3d at 1327; *see also Kaley*, 571 U.S. at 324 (noting that lower courts allow a defendant to challenge "whether probable cause exists to believe that the assets in dispute are traceable or otherwise sufficiently related to the crime charged in the indictment").

Although couched as a traceability challenge, we agree with the district court that Gosney's argument constitutes an impermissible attack on the grand jury's determination of probable cause that he committed an offense permitting forfeiture. Gosney pays lip service to *Kaley II* by stating that he seeks to challenge the "nexus" between the account and the charged crimes. But he doesn't argue that the account's funds are from sources unrelated to his alleged conduct. Rather, he cites testimony from his co-defendants' preliminary hearing to show the absence of fraud and

Case 9:22-cr-80022-DSL   Document 557   Entered on FLSD Docket 04/14/2023   Page 16 of 18
USCA11 Case: 22-12049   Document: 24-1   Date Filed: 02/01/2023   Page: 13 of 13

22-12049               Opinion of the Court                13

argues that the scheme didn't constitute fraud because the billings were for medically necessary services authorized by physicians. Essentially, he insists that "the revenues . . . do not constitute proceeds of a fraud" because the conduct with which he is charged doesn't actually constitute fraud. This argument is squarely at odds with the factual allegations in the indictment and thus is foreclosed by *Kaley*. *See* 571 U.S. at 341.

As a fallback, Gosney urges us to overturn *Bissell* and "conclude that, in assessing the need for a hearing, Gosney may challenge not only the nexus prong, but the guilt prong as well." Even if we were at liberty to overturn our binding precedent, as Gosney suggests, it's not *Bissell* that compels our conclusion. Rather, it's the Supreme Court's *Kaley* opinion, which mandates that Gosney has "no right to relitigate" the "grand jury's prior determination of probable cause to believe [he] committed the crimes charged." 571 U.S. at 322. And, "under our system of vertical precedent, we are bound to apply [*Kaley*] until it is overruled, receded from, or in some other way altered by the Supreme Court." *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1302 (11th Cir. 2021).

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

February 01, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-12049-CC
Case Style: USA v. John Gosney
District Court Docket No: 9:22-cr-80022-AMC-3

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | |
|---|---|
| General Information | 404-335-6100 |
| New / Before Briefing Cases | 404-335-6135 |
| Cases in Briefing / After Opinion | 404-335-6130 |
| Cases Set for Oral Argument | 404-335-6141 |
| Capital Cases | 404-335-6200 |
| Attorney Admissions | 404-335-6122 |
| CM/ECF Help Desk | 404-335-6125 |

OPIN-1 Ntc of Issuance of Opinion