UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 22-80022-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JOHN PAUL GOSNEY JR., et al.**,

    Defendants.
_____/

**ORDER DENYING DEFENDANT GOSNEY'S
MOTION TO DISMISS COUNTS 1, 7, AND 14 OF THE INDICTMENT [ECF No. 390]**

**THIS CAUSE** comes before the Court upon Defendant John Paul Gosney's Motion to Dismiss Counts 1, 7, and 14 of the Indictment as Duplicitous or Alternatively to Sever Defendant Gosney and to Order a Bill of Particulars (the "Motion"), filed on October 14, 2022 [ECF No. 390].[1]  The Court has reviewed the Motion, the Government's Response in Opposition [ECF No. 435], Defendant Gosney's Reply [ECF No. 446], and the full record.  For the reasons set forth below, the Motion [ECF No. 390] is **DENIED**.

**BACKGROUND AND ARGUMENTS**

This Order assumes familiarity with the background of the case as set forth in the Court's prior Order Denying Motion to Dismiss Fraud and Money Laundering Counts [ECF No. 493].

The Motion seeks dismissal of the conspiracy counts of the Indictment—Counts 1, 7, and 14—on the theory that such counts "impermissibly assemble[] multiple conspiracies into a single

---

[1] For purposes of this Order, the term "Defendant" refers to Defendant Gosney Jr.  There are four other remaining Defendants (Thomas Dougherty, Jose Goyos, Louis Carver, and Daniel Carver) who have not joined the Motion.

conspiracy count" [ECF No. 390 p. 5].[2] Defendant points to the Indictment's allegations that the conspiracy involved: "(1) soliciting and receiving kickbacks related to DME *and* genetic testing, (2) forging Medicare forms and doctors' orders, and (3) submitting 'false and fraudulent claims to Medicare for either DME or genetic testing that was not medically necessary'" [ECF No. 390 p. 8 (emphasis in original) (quoting ECF No. 23)]. In Defendant's view, this results in separate agreements with different participants, "which is insufficient to substantiate a single conspiracy with a common purpose" [ECF No. 390 p. 8]. To remedy this purported duplicity, Defendant argues that "Gosney's risk of conviction for innocent conduct due to the duplicity of the conspiracy counts warrants . . . dismissal of [Counts 1, 7, and 14 of the Indictment]" [ECF No. 390 p. 10]. In the alternative, Defendant asks the Court to require the Government "to particularize it's (sic) allegations against Gosney as they relate to the indictment's DME allegations," and ultimately, to sever Gosney from the remaining Defendants for trial [ECF No. 390 pp. 12–14].

The Government opposes the Motion in its entirety [ECF No. 435 p. 1]. The Government describes Defendants' elaborate scheme to defraud Medicare, which took place in two phases, with Defendant playing a key role in each phase [ECF No. 435 pp. 2–6 (noting that Defendant owned shell laboratories and managed a telemarketing call center)]. The scheme's two phases, the Government argues, show that the conspiracy alleged in the Indictment involves an "overarching, single common goal: a scheme to defraud Medicare" [ECF No. 435 p. 12; *see* ECF No. 435 p. 15 (describing Indictment as alleging "a single, dual-object conspiracy to defraud Medicare"); *see also* ECF No. 435 p. 11 (citing *United States v. Knowles*, 66 F.3d 1146, 1158 (11th Cir. 1995), and

---

[2] Count 1 charges Defendants with conspiracy to commit health care fraud (18 U.S.C. § 1347) and wire fraud (18 U.S.C. § 1343), in violation of 18 U.S.C. § 1349 [ECF No. 23 pp. 12–17]. Count 7 charges Defendants with conspiracy to pay and receive healthcare kickbacks, in violation of 18 U.S.C. § 371 [ECF No. 23 pp. 21–25]. And Count 14 charges Defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [ECF No. 23 pp. 26–27].

*United States v. Anderson*, 326 F.3d 1319, 1327 (11th Cir. 2003)]. Further, the Government contends, the mere fact that the Indictment alleges violations of two separate statutes does not render it duplicitous given the conspiracy's singular purpose ("for the conspirators to unlawfully enrich themselves"); the nature of the crimes alleged (Medicare fraud); and the overlapping participants [ECF No. 435 pp. 13–14]. With respect to severance, the Government responds twofold: (1) first, contrary to Defendant's suggestion of "disparity" in the evidence admissible against him versus the other defendants, the trial evidence "will demonstrate that Defendant Gosney was one of the most culpable members of the charged conspiracy"; and (2) second, Gosney has not established sufficient danger caused by trying him together with the remaining Defendants [ECF No. 435 pp. 15–16 (relying on Fed. R. Crim. P. 14)]. For similar reasons, the Government adds, there is no reason to provide Defendant with a bill of particulars under Rule 7 of the Federal Rules of Criminal Procedure; the Government has provided the information requested through voluminous discovery, a summary of the anticipated evidence, correspondence listing Defendant's co-conspirators, and a legally sufficient Indictment [ECF No. 435 pp. 16–17].

**DISCUSSION**

The Court first addresses and rejects Defendant's principal contention that Counts 1, 7, and 14 of the Indictment (the "Conspiracy Counts") each improperly charges multiple conspiracies into a single count.[3]

"A duplicitous indictment charges two or more separate and distinct crimes in a single count." *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989). Proceeding on a

---

[3] While Defendant characterizes all three Conspiracy Counts as duplicative, Defendant focuses on Count 1 [*See* ECF No. 390 pp. 7–9; ECF No. 446 pp. 1–7], suggesting in Reply that "the argument is the same for all counts" [ECF No. 446 p. 7]. The Court likewise focuses on Count 1.

duplicitous indictment poses three dangers: "(1) A jury may convict a defendant without unanimously agreeing on the same offense; (2) A defendant may be prejudiced in a subsequent double jeopardy defense; and (3) A court may have difficulty determining the admissibility of evidence." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (internal quotation marks omitted). "The allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for '[t]he conspiracy is the crime, and that is one, however diverse its objects.'" *Braverman v. United States*, 317 U.S. 49, 54 (1942) (quoting *Frohwerk v. United States*, 249 U.S. 204, 210 (1919)). In determining whether a single conspiracy exists, the Court evaluates three factors: "(1) whether there was a common goal, (2) the nature of the scheme, and (3) the overlap of the participants." *United States v. Anderson*, 326 F.3d 1319, 1327 (11th Cir. 2003).

Applying prevailing legal principles, the Court determines that the Indictment appropriately charges a single, dual-object conspiracy. As noted in *Braverman*, "the conspiracy is the crime." 317 U.S. at 54. Here, Defendants allegedly had an agreement to accomplish a common goal—to unlawfully enrich themselves by defrauding Medicare [ECF No. 23 p. 12 (alleging that Defendants "knowingly and willfully execute[d] a scheme and artifice to defraud a health care benefit program affecting commerce . . . that is, Medicare"); ECF No. 23 p. 13 ("It was the purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves.")]. The Conspiracy Counts seek to hold Defendants liable for that *singular* agreement notwithstanding the fact that the object of the agreement was to violate different sections of the criminal code. *See Braverman*, 317 U.S. at 54 ("The conspiracy is the crime, and that is one, however diverse its objects.") (internal quotation marks omitted); *see also United States v. Ramos*, 666 F.2d 469, 473 (11th Cir. 1982). Applying the factors laid out in *Anderson* further illustrates the singular nature of the conspiracy. First, as noted above, there was a clear common goal among the conspirators—

to defraud Medicare [ECF No. 23 pp. 12–13]. Similarly, the scheme had a singular nature as it involved actions designed to procure doctors' orders after which Defendants would submit fraudulent claims to Medicare and receive kickbacks from shell laboratories [ECF No. 23 pp. 14–17]. Finally, the Conspiracy Counts involve the same participants undertaking actions to further the conspiracy, although some participants had greater involvement than others [*See* ECF No. 23 pp. 14–17]. The singular nature of the conspiracy is unchanged by Defendant Gosney's position that he was not aware of, or did not participate in, some of the activities alleged in Count 1 [ECF No. 390 pp. 7–9 (referring to Defendant's lack of involvement in DME claims or in alleged forging of doctors' orders)]. Even if Defendant did not himself participate in some of the actions attendant to the conspiracy, he is liable for "substantive criminal offenses committed by a co-conspirator during the course and in furtherance of the conspiracy." *United States v. Mothersill*, 87 F.3d 1214, 1218 (11th Cir. 1996) (citing *Pinkerton v. United States*, 328 U.S. 640, 646–47 (1946)). In sum, a review of the Indictment shows an agreement among the Defendants to accomplish a common goal through the use of diverse objects; this agreement was properly charged as a single conspiracy; and as such, the Conspiracy Counts are not duplicitous. Dismissal of the Indictment is not warranted.

The Court also rejects Defendant's request to sever him from the Indictment and to order a separate trial [ECF No. 390 p. 14]. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Rule 14, however, permits a court to sever a defendant for trial if consolidation "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). Severance is granted only "if a defendant can demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense." *United States v. Walker*, 720 F.2d 1527, 1533 (11th Cir. 1983). Defendant has not made such a

showing here. The prejudice identified by Defendant is the general statement that "the risk that the jury will convict Gosney of conspiracy without unanimously agreeing on the same conduct within the conspiracy count" [ECF No. 390 p. 14 (internal quotation marks omitted)]. But, as noted above, the Indictment alleges a single conspiracy with dual objects, and therefore, a jury would be asked to determine only whether Defendant is guilty of the single conspiracy alleged in each of the Conspiracy Counts. Moreover, although the parties disagree about Gosney's relative culpability in the scheme [*compare* ECF No. 443-1 p. 23, *with* ECF No. 390 pp. 2–5], the Government references trial evidence showing that Gosney received over $7 million dollars in "traceable fraud proceeds for his involvement in the conspiracy" [ECF No. 425 p. 15], and Gosney offers no meaningful rebuttal to that point [*see* ECF No. 446 p. 8]. On the whole, Gosney has not provided a basis from which the Court can conclude that a joint trial between all remaining Defendants would result in "specific and compelling prejudice to the conduct of his defense." *See Walker*, 720 F.2d at 1533.

Finally, for the reasons stated by the Government, the Court does not see a basis on this record to order a bill of particulars [ECF No. 435 pp. 16–17]. Federal Rule of Criminal Procedure 7(f) permits a court to "direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is intended "to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986). The bill of particulars "supplements an indictment by providing the defendant with information necessary for trial preparation." *Id.* The decision whether to require the filing of such a bill of particulars is within the discretion of the district court. *Will v. United*

*States*, 389 U.S. 90, 98–99 (1967) (stating that "federal trial courts have always had very broad discretion in ruling upon requests" for a bill of particulars).

Here, Defendant argues that "the indictment is impermissibly vague as to whether or not Gosney is alleged to have participated in any of the indictment's allegations related to DME," which has not been cured by the voluminous discovery produced by the Government [ECF No. 390 p. 13]. A review of the Indictment, however, shows that it identifies the allegations against Gosney with sufficient detail to allow him to prepare for trial [ECF No. 23]. Further, as the Government notes, Defendant has been provided with (1) voluminous discovery regarding his role in the alleged scheme; (2) an adequate summary of the evidence describing Defendant's role in the DME portion of the scheme, among other matters; and (3) a list of Defendant's alleged co-conspirators [ECF No. 435 pp. 2–3, 16; ECF No. 388]. Taken together with the facially valid Indictment [*see* ECF No. 493], Defendant has been provided with sufficient information to prepare for trial, rendering a bill of particulars legally unnecessary.

\*\*\*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant John Paul Gosney Jr.'s Motion to Dismiss Counts 1, 7, and 14 of the Indictment as Duplicitous, or in the Alternative to Sever Defendant Gosney and Order a Bill of Particulars [ECF No. 390] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 25th day of April 2023.

                                                **AILEEN M. CANNON**
                                                **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record