UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-80022-Cannon/Reinhart

UNITED STATES OF AMERICA,

v.

DANIEL M. CARVER,
THOMAS DOUGHERTY,
JOHN PAUL GOSNEY JR.,
LOUIS CARVER, and
JOSE GOYOS,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This matter comes before the Court on the Government's Unopposed Motion Requesting a *Garcia* Hearing (DE 584), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 586). For the reasons set forth below, the Court finds that Attorney Joshua Lowther will have a potential conflict of interest if Robyn Sztyndor testifies as a witness in the upcoming trial of this case and, further, that this conflict should lead to his disqualification. In the event Robyn Sztyndor does not testify as a witness, however, the Court finds no actual or potential conflict of interest and, hence, no need for a waiver or disqualification. Also, as to Attorney Jason Mehta, the Court recommends that no action be taken.

**I.    OVERVIEW**

    This is a healthcare fraud case. On June 7, 2023, the Government filed a motion asking the Court to conduct a hearing pursuant to *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975) to address potential conflicts of interest by two lawyers, Joshua Lowther and Jason Mehta. In *Garcia*, the former Fifth Circuit recognized that the Sixth Amendment guarantees the right to

conflict-free counsel in criminal proceedings and that criminal defendants may, in limited circumstances, waive this right. 517 F.2d at 273. Because courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession, the right to waiver is not absolute. *United States v. Ross*, 33 F. 3d 1507, 1523-24 (11th Cir. 1994). Accordingly, when conflict issues arise, *Garcia* directs trial courts to conduct an inquiry to explore the nature of the conflict and determine whether the defendant wishes to make a "knowing, voluntary and intelligent" waiver. *Id.* at 1524. The trial court must "actively participate" in this inquiry and conduct a hearing akin to a plea colloquy. *Garcia*, 517 F.2d at 277-278.

In this case, the Court conducted a *Garcia* inquiry on June 14 and 21, 2023 (DE 615, DE 627). During a portion of the June 14th hearing, the Court heard ex parte testimony from Attorney Lowther. Based on the evidence received and considered, the Court makes the following determinations.

## II.   BACKGROUND

1. On February 24, 2022, a grand jury returned an indictment in this case charging numerous healthcare related offenses against multiple Defendants, including Louis Carver ("L-Carver"), Daniel M. Carver ("D-Carver"), Thomas Dougherty, John Paul Gosney, Jr., and Jose Goyos (DE 23). The grand jury superseded the indictment on May 30, 2023 (DE 577).

2. Attorney Lowther represents Defendant L-Carver and has been counsel of record since March 30, 2022, shortly after the original indictment was returned (DE 158).

3. Trial is currently scheduled to begin on July 10, 2023 (DE 623).

4. On October 14, 2022, the Government moved to compel the disclosure of any advice-of-counsel defenses (DE 385). The District Court granted this motion, requiring each Defendant to file a notice indicating whether he intends to rely on the advice-of-counsel defense

at trial and, if so, to identify the attorneys who purportedly provided advice to the Defendant (DE 579).

5. Thereafter, on June 5, 2023, Defendants Dougherty and Gosney each filed notices, indicating they had relied on advice from Robyn Sztyndor, a healthcare compliance attorney (DE 580, 582).  Accordingly, at the upcoming trial of this case, Sztyndor may be called to testify as a witness.

6. In addition to representing Defendant L-Carver in this case, Attorney Lowther has also represented Sztyndor in past cases, and he has an ongoing attorney-client relationship with her as of the date of this Report and Recommendation.  Specifically, Sztyndor has twice been served with subpoenas to testify at trials in other healthcare fraud cases in the Southern District of Florida, namely, *United States v. Minal Patel*, No. 19-cr-80181-RUIZ, and *United States v. Dean Zusmer, et al.*, No. 21-cr-60253-MOORE.  In each of these cases, Attorney Lowther represented Sztyndor in her capacity as a witness, and Attorney Lowther had confidential communications with Sztyndor regarding those cases.

7. Attorney Lowther's other client, Defendant L-Carver, will not rely on the advice-of-counsel defense at trial.  Likewise, Defendant L-Carver never had an attorney-client relationship with Sztyndor so, even if he were inclined to raise that defense, he never relied upon any advice from Sztyndor.

8. At this point, the Court does not know the exact contents of Sztyndor's advice to Co-Defendants Dougherty and Gosney, so the Court cannot predict whether Sztyndor's potential testimony might be helpful or harmful to Defendant L-Carver.  The possibility exists, however, that such testimony might be harmful.

9. If that happens, Attorney Lowther could be called upon to cross-examine his own client Sztyndor. The Court does not know the exact contents of Attorney Lowther's past attorney-client privileged communications with Sztyndor, but the possibility exists that Sztyndor's trial testimony might overlap into areas that are substantially related to Attorney Lowther's past or ongoing representation of her.

## III. DISCUSSION

The Government's *Garcia* motion raises conflict issues for two lawyers, Attorney Lowther and Attorney Mehta. The Court will address each in turn.

### A. Attorney Lowther

The Court finds that Attorney Lowther has a potential conflict of interest if Sztyndor testifies at the upcoming trial. A conflict exists when a lawyer has "inconsistent interests." *Freund v. Butterworth*, 165 F.3d 839, 859 (11th Cir. 1999). Here, Attorney Lowther could potentially find himself in a situation whereby one of his clients testifies adversely against another of his clients on substantially related matters. This scenario would pose a classic conflict of interest. *See Ross*, 33 F.3d at 1523 (noting that conflict exists, for example, where counsel "has previously represented a person who will be called as a witness against a current client at a criminal trial"); *United States v. Braun*, No. 19-80030-cr, 2019 WL 1893113, at *6 (S.D. Fla. Apr. 29, 2019) (noting that conflict exists when counsel faces the "impossible dilemma of cross-examining one former client to benefit another current client").

As noted, under limited circumstances, criminal defendants may waive their Sixth Amendment right to conflict-free counsel. *See Garcia*, 517 F.2d at 278. In this case, however, the Court conducted a detailed *Garcia* inquiry, during which Defendant L-Carver made clear he

4

does *not* wish to waive his Sixth Amendment right to conflict-free counsel. In light of this unwaived conflict, the Court finds Attorney Lowther must be disqualified if Sztyndor testifies at trial.

In *Ross*, the Eleventh Circuit set out the following analysis for courts to use when considering disqualification:

> The need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial. When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified. Indeed, even a potential conflict suffices for disqualification.
>
> ....
>
> In deciding whether the actual or potential conflict warrants disqualification, we examine whether the subject matter of the first representation is substantially related to that of the second. Our goal is to discover whether the defense lawyer has divided loyalties that prevent him from effectively representing the defendant. If the conflict could cause the defense attorney improperly to use privileged communications in cross-examination, then disqualification is appropriate. Indeed, it is also true that disqualification is equally appropriate if the conflict could deter the defense attorney from intense probing of the witness on cross-examination to protect privileged communications with the former client to advance the attorney's own personal interest.

*Ross*, 33 F.3d at 1523. The Court finds the *Ross* standard satisfied here. *Id.* (disqualifying attorney based on past representation of trial witness); *United States v. Cordoba*, No. 12-20157-CR, 2013 WL 5741834, at *1 (S.D. Fla. Oct. 17, 2013) (same).

The Court also conducted a *Garcia* inquiry to determine whether conflict might exist even if Sztyndor does *not* testify at trial. The Court has considered, for example, the potential that Attorney Lowther's investigation or strategy decisions may have been impacted by his divided loyalties between his two clients. Given that Defendant L-Carver never had an attorney-client relationship with Sztyndor, and hence never relied upon advice from Sztyndor, the Court finds no actual or potential conflicts exist. On inquiry, Defendant L-Carver made clear he does not wish to

waive his Sixth Amendment right to conflict-free counsel under any circumstances, including circumstances whereby Sztyndor does not testify at trial. Upon review, however, the Court finds no actual or potential conflicts exist that need to be waived, absent Sztyndor being called as a trial witness. The Court also notes that, since the outset of the case, Defendant L-Carver has been simultaneously represented by local counsel David Haas, who has no past attorney-client relationship with Sztyndor (DE 157).

In short, the Court finds that Attorney Lowther has a potential conflict of interest if Sztyndor testifies at the upcoming trial and that Attorney Lowther should be disqualified as a result. Alternatively, in the event the District Court can fashion a remedy to avoid Sztyndor being called as a witness, then Attorney Lowther has no actual or potential conflicts that need to be waived, and Attorney Lowther need not be disqualified.

### B.     Attorney Mehta

The Government's *Garcia* motion also raised conflict issues with respect to Attorney Mehta, who represented L-Carver during the investigation phase of this case prior to indictment. In a separate matter, Attorney Mehta also represented Jestil Tapia in *United States v. Luis Perez, et al.*, No. 22-cr-60157-SMITH. Defendant Tapia pled guilty in that case, and the Government expects to call him as cooperating witness at the upcoming trial of this case. The Government expects his testimony to inculpate Co-Defendants D-Carver and Dougherty.

While the Court appreciates the Government bringing this matter to its attention, the Court finds no Sixth Amendment issues that needs to be resolved. That is to say, Attorney Mehta's past representation of L-Carver does not give rise to a conflict of interest for any of the current lawyers in this case. Likewise, during the June 14th hearing on this matter, none of the lawyers appearing for any of the Defendants identified any Sixth Amendment issue stemming from Attorney Mehta's

past representation of L-Carver.  Although counsel for Co-Defendant D-Carver noted that he objects to the situation, the Court recommended that he file a motion setting forth legal grounds for the objection and requesting specific relief.  In the meantime, the Court recommends that no further action be taken with respect to Attorney Mehta.

**IV.    RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1.    As to Attorney Lowther, the Court finds that he has a potential conflict of interest if Sztyndor testifies at the upcoming trial and that he should be disqualified as a result. Alternatively, in the event the District Court can fashion a remedy to avoid Sztyndor being called as a witness, then Attorney Lowther has no actual or potential conflicts that need to be waived, and Attorney Lowther need not be disqualified.

2.    As to Attorney Mehta, the Court recommends that no action be taken.

In light of the upcoming trial date, **the parties shall have until June 27, 2023**, to file written objections, if any, with the District Judge.  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of issues covered in this Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of June 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE